# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES H. DONELL, PERMANENT
RECEIVER FOR GLOBAL EXPRESS
CAPITAL REAL ESTATE
INVESTMENT FUND 1, LLC,

        Plaintiff,

  vs.

CANYON LENDERS, LLC, FIDELITY
NATIONAL TITLE AGENCY OF
NEVADA, INC., et al.,

        Defendants

Case No. 2:04-cv-1071-KJD-LRL

**ORDER**

      Presently before the Court is Plaintiff Receiver's Motion for Summary Judgment (#411). Defendant, Fidelity National Title Agency of Nevada, filed a Response in Opposition and Cross-Motion for Summary Judgment (#423 and #424), to which Plaintiff filed a Reply and Opposition (#426).

**I. Background**

      This case arises from a loan by Global Financial, Inc. to American Exchange and Robert E. Rippe ("American" and "Rippe") in the amount of $3,800,000.00 to be secured by a first deed of trust on certain parcels of real property located in Clark County, Nevada. Defendant Fidelity National Title Agency of Nevada, Inc., ("Fidelity") served as the escrow for the transaction. Although the initial funding of the loan secured by the deed of trust encumbered only a single parcel, the escrow instructions specified that the balance of the loan was to be funded in increments, and modifications to the deed of trust were to be recorded to add liens to three additional parcels. No modifications

were ever recorded. Plaintiff Receiver and Defendant Fidelity dispute whose responsibility it was to provide the modifications, each claiming it was the responsibility of the other. Subsequently, an additional $900,000.00 was loaned by Global Express Capital Mortgage ("GECM") to American and Rippe, to be secured by a second deed of trust encumbering all four parcels. Thereafter, GECM partially assigned the second deed of trust to individual investors including Paris Robert, managing member of Defendant Canyon Lenders, LLC.

Defendants Rippe and American defaulted on both loans. Thereafter, some of the holders of the second deed of trust conducted a foreclosure sale on all of the parcels wherein the parcels were improperly sold on a credit bid to Canyon Lenders. The effect of this was that title was purportedly conveyed to Canyon Lenders free and clear of any encumbrances on three of the four parcels. Thereafter, the Court granted reformation of the first deed of trust to encumber the three remaining parcels and permitted avoidance of the foreclosure sale on the second deed of trust. Plaintiff now seeks summary judgment against Fidelity for breach of the escrow contract.

**II.  Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See, Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See, Celotex, 477 U.S. at 323.

The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322.

**III.  Analysis**

As stated above, the parties dispute responsibility for preparing modifications to the deed of trust to encumber the remaining three parcels.  This remains a factual issue to be determined at trial.  However, there is no dispute that the escrow agent, Fidelity, released the entirety of the $3.8 million loan proceeds instead of awaiting further authorizations, modifications or instructions pertaining to funding the balance of the loan in increments, as provided in the escrow instructions.  Defendant Fidelity admits this mistake, but claims there are no damages because the first deed of trust was reformed.  This argument ignores the necessity and expenses of Plaintiff in having to bring this action and any other damages that may be attributable to the failure to release in increments.  The amount of expenses, however, cannot be apportioned in a motion for summary judgment.  Adjudication of that issue will require a factual determination of what portion of the Receiver's expenses are attributable to Defendant Fidelity's failure to follow escrow instruction on disbursement, and what amount is attributable to the intervening fraudulent acts of others such as Paris Robert and Canyon Lenders, as well as the acts of the other Defendants.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#411) is **GRANTED** in part and **DENIED** in part;

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (#424) is **DENIED**;

DATED:  March 27, 2009.

_____
Kent J. Dawson
United States District Judge

3