# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES H. DONELL, PERMANENT
RECEIVER FOR GLOBAL EXPRESS
CAPITAL REAL ESTATE
INVESTMENT FUND 1, LLC,

        Plaintiff,

vs.

CANYON LENDERS, LLC, FIDELITY
NATIONAL TITLE AGENCY OF
NEVADA, INC., et al.,

        Defendants

Case No. 2:04-cv-1071-KJD-LRL

**ORDER**

    Presently before the Court is the Motion (the "Motion") of JAMES H. DONELL, PERMANENT RECEIVER (the "Receiver" or "Plaintiff") for Determination of the Amount of Sanctions Imposed on The Law Office of L. Earl Hawley, L. Earl Hawley, Esq. ("Counsel"), Canyon Lenders, LLC ("Canyon") and Paris Robert (#448) pursuant to this Court's Order of September 30, 2005 (#183) and for Entry of Final Judgment. The Court has reviewed and considered the Motion, the Opposition (#452), and the Receiver's Reply (#453).

**BACKGROUND**:

    In an earlier Order (#183), this Court found that a violation of Rule 11 of the Federal Rules of Civil Procedure had occurred and that sanctions are appropriate. The Court, however, deferred ruling on the amount of sanctions.

    Sanctions were determined appropriate as a result of actions of Canyon, its Manager, Paris Robert, and Counsel, as attorney for Canyon. Defendant Canyon, its manager and Counsel, failed to

withdraw a cross-claim against the Receiver, James H. Donell, individually and as receiver after being informed that court approval would be required to proceed against the Receiver, thus needlessly increasing the administrative expenses of the receivership estate. On November 16, 2004, Byron Z. Moldo, counsel for the Receiver, wrote Counsel for Canyon, stating that leave of court would be required to pursue Canyon's cross-claim against the Receiver and requesting that Counsel review 28 U.S.C. § 959 and annotations for legal authority to that effect. In a subsequent letter dated December 6, 2004, Mr. Moldo, again wrote Counsel for Canyon, demanding dismissal and including a proposed motion requesting imposition of sanctions. In response, Canyon filed a motion for leave to file an amended answer and cross claim. The proposed amendment, however, continued to name Donell in his capacity as the Receiver. Subsequently, the Court denied the motion of Canyon to cancel lis pendens and found that the Receiver's actions were appropriate. The Court found that the Receiver, in his official capacity, is clearly immune and Canyon clearly did not obtain leave of the court handling the receivership estate before filing suit against the Receiver.

## **ANALYSIS**

In response to the current motion for determination of the amount of sanctions, Counsel, having withdrawn as attorney for Canyon and Paris Robert, concedes that the only issue remaining is the amount of sanctions, however makes several arguments against the imposition of sanctions.

First, it is claimed, that due to the age of the order for sanctions (four years), sanctions should be deemed to have been waived or barred by principles of latches. In support of this contention, counsel argues that "do (sic) to the absents (sic) of records" an appropriate answer cannot be filed. Counsel further argues that the statute of limitations of four years for attorney malpractice is somehow applicable to the motion.

With respect to access to files, the court filings in this action are available to counsel should he care to refresh his recollection as to the events which led to the order for imposition of sanctions. Counsel was very well aware of the fact that an order regarding the amount of sanctions had been

deferred to a future time. The Nevada statute providing for limitation of actions against attorneys (N.R.S. 11.207) is not applicable to this matter.

Counsel next argues that the Court's ruling was somehow incorrect in that there is no requirement that an individual intending to commence litigation against a court appointed receiver obtain authorization from the appointing court before doing so. To the extent this is a request for rehearing, it comes too late. To the extent that it is an argument that sanctions should be minimal, it is evidence that counsel has still not learned from his mistakes. In letters of November 16, November 30, and December 6, 2004, the Receiver's counsel informed Counsel for Canyon that the cross-claim was unfounded and not authorized.

Pursuant to 28 U.S.C. §959 and the decisions thereon, prior leave of court to sue the receiver, either in his official or individual capacity, is required. Section 959 provides, in relevant part, as follows:

> (a) . . . receivers . . . of any property . . . may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.

Case law makes it clear that actions taken in the continuous administration of property under order of the court do not constitute an "act" or "transaction" in carrying on business connected with the estate. See, e.g., Muratoruv v. Darr, 375 F.3d 140 (1st Cir. 2004). Here, the actions taken by the Receiver in setting aside a void putative transfer of property belonging to the receivership estate, was clearly not an act or transaction arising out of the Receiver's operation or carrying on of a business connected with the property of the receivership estate. Merely collecting, taking steps to preserve, or holding assets does not constitute "carrying on business" within the rule allowing suit against receivers without leave of the court appointing them. Counsel's continued insistence that he was not required to obtain permission of the court to sue the receiver is clearly without legal support. The Receiver's counsel even informed Counsel for Canyon where to find applicable case law. Counsel for Canyon refused to heed the admonition or perform the necessary legal research. To the contrary, in response to the letter from counsel for the Receiver dated November 16, 2004, Counsel for Canyon

1  tersely replies "I have no status which requires that I practice law for you or your client.  My position
2  is unchanged."  In the letter of November 16, 2004, counsel for the Receiver also points out to
3  Canyon's counsel that the cross claim is against the Receiver individually, yet the only allegation
4  against the Receiver by Canyon is that the Receiver filed a lis pendens against certain parcels.  The
5  Notice of Pending Action evidences that the Receiver is acting only in his official capacity, not as an
6  individual.  In the same letter, Receiver's counsel requests  if there is any other document upon which
7  Canyon is relying that he be advised.  Canyon's motion for leave to file an amended answer did not
8  satisfy the requirements of court approval as the proposed amendment continued to name the
9  receiver.  The action of filing the lis pendens was clearly in the Receiver's official capacity and for
10 the preservation of the estate, not comparable to a tort committed in the process of running a business
11 belonging to a receivership estate.
12         Counsel for Canyon next objects to the Receiver's procedure in the instant motion of
13 combining the motion for determination of the amount of sanctions with a request for entry of final
14 judgment, citing Rule 11(c)(2) for the proposition that a motion for sanctions must be made
15 separately from any other motion.  The original motion for sanctions (#62) was made separately.
16 Also, it was preceded by letters and a copy of the proposed motion to Counsel and Roberts as
17 required by Rule 11.  That the Receiver has now requested a ruling on the amount of sanctions and
18 closing out of the case in the same motion is not a violation of the purpose and intent of Rule 11
19 which is to give counsel an opportunity to withdraw claims before being subjected to sanctions.  The
20 objection is without merit or legal support.
21         Finally,  Counsel argues that the delay in determining the amount of sanctions should
22 preclude further orders on that point.  However, one of the reasons the Court decided to defer its
23 ruling on the amount of sanctions was to determine whether the finding that sanctions are warranted
24 would have a deterrent affect on potential future misconduct of Counsel or his client.  As evidenced
25 by the Opposition (#452) Counsel continues to submit pleadings which have not been proofread,
26 argument that is unsupported by legal authority or a good faith argument for the extension of existing

legal authority, and citations to clearly inapplicable legal authority.  The quality and content of the Opposition is far below the standard expected of practitioners in the U.S. District Courts.

Notwithstanding warnings to Paris Robert from the very commencement of the receivership, Robert has continued his obstructive conduct, causing unnecessary delay and needlessly increasing the cost of litigation.  He has engaged counsel of like mind.  Sanctions are reserved for only the most outrageous and defiant of abusers who seek to obstruct and delay or needlessly increase the cost of litigation.  This is one of those cases where monetary sanctions are appropriate.  The Court finds that the time, labor and skill required, the experience and ability of the attorney and the results obtained, support a billing rate of $275 per hour and 29 hours of legal services in connection with the motion for sanctions. The Court finds the billing rate of $275 per hour for Receiver's counsel to be conservative for counsel of similar experience and skill practicing in the U.S. District Court for the District of Nevada. Defendant Canyon Lenders, Paris Robert and L. Earl Hawley were equally culpable in the conduct warranting sanction.

Accordingly, sanctions in the amount of $8,075.00 are the reasonable and necessary expenses incurred by the Receiver in connection with the motion for sanctions and should be entered as judgment against L. Earl Hawley, Canyon Lenders and Paris Robert pursuant to this Court's Order of September 30, 2005.

## CONCLUSION

1. **IT IS HEREBY ORDERED** that the Receiver's Motion (#448) is **Granted**;

2. **IT IS FURTHER ORDERED** that Final Judgment shall be entered in favor of the Receiver on the First, Second and Fourth Claims for Relief Asserted in the Amended Complaint (Document No. 271) on file herein.

3. **IT IS FURTHER ORDERED** that sanctions be imposed upon L. Earl Hawley, Esq., Canyon Lenders, LLC and Paris Robert pursuant to this Court's Order of September 30, 2005 (Document No. 183) in the amount of  $8,075.00, and that Final Judgment thereon be entered in

favor of the Receiver and against L. Earl Hawley, Esq., Canyon Lenders, LLC, and Paris Robert, jointly and severally.

DATED this 9th day of September, 2010.

_____
THE HONORABLE KENT J. DAWSON
UNITED STATES DISTRICT JUDGE